1  DANIEL G. BOGDEN
   United States Attorney
2  ADAM M. FLAKE
   Assistant United States Attorney
3  333 Las Vegas Blvd. South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336
5

6              **UNITED STATES DISTRICT COURT**

7                    **DISTRICT OF NEVADA**

8                           **-oOo-**

9  UNITED STATES OF AMERICA,        ) No. 2:07-cr-132-PMP-RJJ
                                    )
10         Plaintiff,                )
                                    )
11     vs.                           ) GOVERNMENT'S MOTION
                                    ) FOR ORDER WAIVING
12  KATHY NELSON,                    ) ATTORNEY CLIENT PRIVILEGE
                                    ) TO ADDRESS ALLEGATIONS IN
13         Defendant.                ) NELSON'S 28 U.S.C. § 2255 MOTION,
                                    ) ORDERING NELSON'S FORMER
14  _____   COUNSEL TO PROVIDE INFORMATION,
                                     AND RESETTING GOVERNMENT'S
15                                   DEADLINE TO RESPOND TO MOTION

16

17         COMES NOW, the United States of America by and through its attorneys, DANIEL G.

18  BOGDEN, United States Attorney, and ADAM FLAKE, Assistant United States Attorney, and

19  respectfully requests this court enter an order of waiver of the attorney-client privilege in this case,

20  ordering Nelson's former counsel Karen Winkler to provide the Government with the information

21  requested in this motion, and staying the Government's deadline to respond to Defendant's 28 U.S.C.

22  § 2255 motion until 30 days after Winkler provides the requested information.

23         This order is sought for the following reasons:

24         1.  Defendant has filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by

25  a person in federal custody, alleging ineffective assistance of counsel.

26     . . .

1    2. Information from Defendant's former counsel, Karen C. Winkler, is necessary in order to respond to Defendant's allegations.

    3. The Government requests this Court's order that the attorney-client privilege is waived as to all contentions raised in Defendant's 18 U.S.C. § 2255 Motion, that all material and information related thereto be divulged to the Government, and that attorney Karen C. Winkler, provide an affidavit containing the same forthwith.

    4. The voluntary disclosure by a defendant of privileged attorney communications "constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981). *See also*, *United States v. Zolin*, 809 F.2d 1411, 1415-16 (9th Cir. 1987); *Clady v. County of Los Angeles*, 770 F.2d, 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said: "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (Citations omitted.)

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

    WHEREFORE, based on the foregoing, it is respectfully requested that this Court enter an order that the attorney-client privilege in this case as to Defendant Kathy Nelson is waived with respect to the issues put at issue in her 28 U.S.C. § 2255 motion, that Karen Winkler provides the Government with all materials and information related to the issues in Defendant's 28 U.S.C. § 2255

. . .

. . .

. . .

. . .

. . .

1 | motion, and that the Government's deadline to respond to Defendant's motion be reset to a date 30
2 | days after Winkler provides the Government with the requested information.
3 |     **DATED** this 15th day of September, 2010.
4 |                                           Respectfully submitted,
5 |                                           DANIEL G. BOGDEN
                                          United States Attorney

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


    /s/ Adam M. Flake
ADAM FLAKE
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>KATHY NELSON,<br>           Defendant. | No. 2:07-cr-132-PMP-RJJ<br><br>**ORDER WAIVING ATTORNEY CLIENT PRIVILEGE TO ADDRESS ALLEGATIONS IN NELSON'S 28 U.S.C. § 2255 MOTION, ORDERING NELSON'S FORMER COUNSEL TO PROVIDE INFORMATION, AND STAYING GOVERNMENT'S DEADLINE TO RESPOND TO MOTION** |

      Based on the pending application of the Government, and good cause appearing,

      **IT IS THEREFORE ORDERED** that the attorney-client privilege in case No. 2:07-cr-132-PMP-RJJ is waived with respect to the allegations in Defendant's 28 U.S.C. § 2255 motion, and that attorney Karen C. Winkler, shall forthwith provide the Government with an affidavit containing all materials and information relating to matters put at issue in Defendant's 28 U.S.C. § 2255 motion, and that the Government's deadline for responding to Defendant's 28 U.S.C. § 2255 motion is stayed until 30 days from the date Winkler provides the requested information.

      DATED this _ 19th day of October, 2010.

*Philip M. Pro*
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2010, I electronically filed the foregoing **GOVERNMENT'S MOTION FOR ORDER WAIVING ATTORNEY CLIENT PRIVILEGE TO ADDRESS ALLEGATIONS IN NELSON'S 28 U.S.C. § 2255 MOTION, ORDERING NELSON'S FORMER COUNSEL TO PROVIDE INFORMATION, AND RESETTING GOVERNMENT'S DEADLINE TO RESPOND TO MOTION** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following:

Robert W. Story
STORY LAW GROUP
245 E. Liberty St., Suite 530
Reno, NV 89501

Kathy Nelson
355109
2322 N. Las Vegas Boulevard
Suite 200
North Las Vegas, NV 89030

Karen C. Winkler
300 S. Fourth Street, Ste. 701
Las Vegas, NV 89101

                                              /s/ Terrie Murray
                                              TERRIE MURRAY
                                              Legal Assistant